DELBELLO, DONNELLAN,
WEINGARTEN, WISE & WIEDERKEHR, LLP
Counsel for McCarthy Fingar LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby Arnold, Esq.

**Hearing Date: April 23, 2014**
**Hearing Time: 9:55 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

PRASHANT GOEL,                                        Chapter 13
                                                     Case No. 14-22191 (RDD)
                                    Debtor.
----------------------------------------------------------------X

## OBJECTION OF CREDITOR MCCARTHY FINGAR LLP
## TO CONFIRMATION OF DEBTOR'S PLAN

McCarthy Fingar LLP, ("McCarthy Fingar" or "Creditor"), by and through its counsel, DelBello,

Donnellan, Weingarten, Wise & Wiederkehr, LLP, as and for its Objection to Confirmation to the Chapter

13 Plan (the "Plan") of Prashant Goel (the "Debtor"), respectfully states as follows:

1.      The basis for the objection is the Plan does not provide for payment in full of

McCarthy Fingar's claim, which is based upon the Debtor's former wife's legal fees incurred in their

divorce action.  The legal fees are believed to be in the nature of a domestic support obligation

pursuant to Bankruptcy Code §101(14A), a priority claim pursuant to Bankruptcy Code §507(a)(1),

and nondischargeable pursuant to Bankruptcy Code §523(a)(5).

2.      The Debtor cannot confirm his Plan over the objection of a priority claimant unless

the Plan provides for full payment of all priority claims pursuant to Bankruptcy Code § 1322(a)(4),

which the Debtor's Plan does not.

3.      Furthermore, a chapter 13 debtor cannot receive a discharge before all pre- and post-

petition domestic support obligations are paid pursuant to Bankruptcy Code § 1328(a).  Here, the Plan

1

does not propose to pay McCarthy Fingar's claim in full.  The Debtor cannot obtain a discharge.

4.      In addition, upon information and belief, the Debtor has misrepresented his income, expenses, assets and liabilities.  McCarthy Fingar intends to file an application pursuant to Bankruptcy Rule 2004 to further investigate whether there are misrepresentations on the Debtor's schedules.  Certainly, the Debtor's schedules do not match the financial information disclosed in the matrimonial action.

## BACKGROUND

5.      McCarthy Fingar represented the Debtor's former spouse in a divorce and custody action, as set forth in greater detail in McCarthy Fingar's Order to Show Cause for Final Counsel Fees, annexed hereto as **Exhibit A**.  The information contained in Exhibit A is summarized below.

### The Divorce Action

6.      The Debtor and his former wife entered into an arranged marriage in India in 2009.  In 2010, they moved in with the Debtor's parents in Mount Vernon, NY.  Two months after their child was born in September 2010, the Debtor purchased a one way ticket for his wife to India, telling her she was going to visit her parents.  He would not permit her to take the child with her to India. When she called a few weeks later to ask for a return ticket, he refused and said he was divorcing her. While his former wife was still stuck in India, the Debtor commenced a divorce action and obtained an *ex parte* Temporary Order of Protection and temporary custody of their child on specious grounds.

7.      The Debtor was highly uncooperative and obstructionist during the divorce proceedings.  The Debtor changed lawyers three times, failed to serve his wife with the complaint, tried to get a judgment on default *after* he knew his wife had returned to New York, refused to permit her to see their child, made several frivolous applications to the court, and failed to comply with discovery requests.  Bizarrely, someone forged the Debtor's wife's name on a letter to a court in

India where their parents were suing each other over the failed arranged marriage, and her signature was notarized by a person whose name does not appear on the NY notary registry, although Debtor denied having anything to do with it.

8.      During the Divorce Action it became apparent that the Debtor was manipulating his income and failing to report income received from his parents, who were also his employers directly and through  companies owned by family friends.  For example, the Debtor's father disclosed that Plaintiff's employer (one of the family owned businesses) pays almost $900 per month for Debtors car lease, insurance and gas; $84.50 per month for Debtor's cell phone; 100% of the Debtor's health care expenses; for all of the Debtor's lunches; and other items.

9.      The Debtor's schedules are inconsistent with the information disclosed in the Divorce Action. On Schedule J, the Debtor indicates that he is operating at a net income of $150 per month, but does not account for the income he receives, upon information and belief, regularly from his family and family-owned businesses. On Schedule E the Debtor fails to disclose his domestic support obligations to his ex wife.  The only creditors disclosed in the bankruptcy schedules are the family owned businesses, McCarthy Fingar and two credit cards totaling only $4,900.

**The Former Wife's Attorneys Fees are a Domestic Support Obligation**

10.      Domestic Relations law § 237 provides that in an action for divorce, the court may direct either spouse to pay counsel fees directly to the attorney of the other spouse to enable the other party to carry on or defend the action in the court's discretion giving consideration to the circumstances of the case and of the respective parties.

11.      The matrimonial court suggested that the Debtor is responsible for McCarthy Fingar's legal fees.  Thus, McCarthy Fingar filed a motion for a determination of the amount and nature of its fees.  That motion was stayed by the bankruptcy filing, but McCarthy Fingar intends to file a motion

3

to lift the automatic stay to permit the matrimonial court to determine the nature and amount of the claim.

12.     In order to qualify as a "domestic support obligation," a debt must meet three statutory criteria.  First, it must be "to a spouse, former spouse or child of the debtor".  Bankruptcy Code §101(14A)(A)(i).  Second, it must be "in the nature of alimony, maintenance or support… without regard to whether such debt is expressly so designated".  Bankruptcy Code §101(14A)(B).  Finally, it must be incurred in connection with a separation agreement, divorce decree or other order of a court of record.  Bankruptcy Code §101(14A)(C)(i) and (ii).

13.     The legal fee award sought by McCarthy Fingar is "to a spouse, former spouse or child of the debtor".  It is irrelevant that the fee is anticipated to be payable directly to McCarthy Fingar instead of the Debtor's former spouse because the legal fee payment is actually for the benefit of the former spouse.  *See* In re Tarone, 424 B.R. 41, 49 (Bankr. E.D.N.Y. 2010) (Craig, J.)(legal fee award payable directly to non-debtor's attorney is "to a spouse" because payment is for her benefit), *citing* In re Golio, 393 B.R. 56, 63 (Bankr. E.D.N.Y. 2008) (Eisenberg, J.)(argument that legal fees payable to counsel for spouse are not "to a spouse" elevates form over substance, such legal fees are "to a spouse" under §523(a)(5); In re Spong, 661 F.2d 6 (2d Cir.1981)(debtor's obligation to pay his wife's legal fees is in the 'nature of support' and payable 'to a spouse' although payable to wife's counsel).

14.     McCarthy Fingar believes that the matrimonial court will find the legal fee award to be "in the nature of alimony, maintenance or support".  In a case remarkably similar to the instant matter, the Second Circuit found that a former spouse's legal fees are "in the nature of support".  In In re Maddigan  (*Falk & Seiber LLP v. Maddigan*), 312 F.3d 589, 594 (2d Cir. 2002) (Sotomayor, J.), the matrimonial court granted custody to the mother and ordered the father to pay $12,000 in legal

4

fees to the mother's counsel.  The Bankruptcy Court reviewed the factors considered by the

Matrimonial Court in to determine whether the award was a "support" obligation.  The matrimonial

court considered (i) the mother's relevant financial circumstances, (ii) the mother's lower income in

relation to the father, (iii) the mother's inability to pay counsel fees, and (iv) the court gave weight to

the fact that the mother was the sole custodian of three children, and had no independent assets.

Upon examining all those factors, the Bankruptcy Court was satisfied that the legal fees were in the

nature of "support", and therefore covered by Bankruptcy Code §523(a)(5).  The Second Circuit

upheld the Bankruptcy Court's determination, and further held that what is "in the nature of support"

must be given broad interpretation when considering dischargability.  Id. at 596.

15.    Similarly here, certain "factors of support" are expected to be considered by the

matrimonial court in making its determination of the Debtor's liability for his ex-wife's legal fees,

including (i) her limited assets and resources; (ii) the disparity in income - the Debtor's income is

believed to be misstated in Schedule I including omission of income received from his family and

family owned businesses; (iii) that the Debtor caused increased legal fees by his obstructionist

behavior, refusal to comply with discovery, and repeated switching of attorneys; and (iv) his ex-wife's

inability to pay the legal fees.

16.    Accordingly, McCarthy Fingar believes its legal fees will be determined to be a

nondischargeable, priority, domestic support obligation.

## CONFIRMATION OF THE PLAN SHOULD BE DENIED

17.    The Debtor cannot confirm his Plan over the objection of a priority claimant unless

the Plan provides for full payment of all priority claims pursuant to Bankruptcy Code § 1322(a)(4),

which the Debtor's Plan does not.

18.    Furthermore, a chapter 13 debtor cannot receive a discharge before all pre- and post-

petition domestic support obligations are paid pursuant to Bankruptcy Code § 1328(a).  Here, the Plan

does not propose to pay McCarthy Fingar's claim in full.  The Debtor cannot obtain a discharge.

19.     In addition, upon information and belief, the Debtor has misrepresented his income,

expenses, assets and liabilities.  McCarthy Fingar intends to file an application pursuant to

Bankruptcy Rule 2004 to further investigate whether there are misrepresentations on the Debtor's

schedules.  Certainly, the Debtor's schedules do not match the financial information disclosed in the

matrimonial action.

WEREFORE, this Court should deny confirmation or, alternatively, adjourn the hearing on

confirmation in order to permit McCarthy Fingar to (i) lift the automatic stay to obtain a final

determination of the amount and nature of its claim from the matrimonial court; and/or (ii)  conduct a

2004 examination regarding suspected misreporting of the Debtor's income, expenses, assets and

liabilities.

Dated: White Plains, New York
        April 10, 2014

                                    DELBELLO, DONNELLAN,
                                    WEINGARTEN, WISE & WIEDERKEHR, LLP
                                    Counsel for McCarthy Fingar LLP
                                    One North Lexington Avenue
                                    White Plains, New York 10601
                                    (914) 681-0200

                                        *Dawn Kirby Arnold, Esq*
                                    By: _____
                                        Dawn Kirby Arnold, Esq

TO:

Penachio Malara LLP
235 Main Street, 6th Floor
White Plains, NY 10601

Jeffrey L. Sapir, Esq.
Standing Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, New York 10603