PENACHIO MALARA LLP  
Anne Penachio, Esq.  
235 Main Street, Suite 610  
White Plains, NY 10601  
(914) 946-2889

**HEARING DATE AND TIME:**  
**JULY 29, 2015 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------X

In re

    PRASHANT GOEL,

CHAPTER 13

Case No.: 14-22191 (RDD)

                         Debtor.  
------------------------------------X

**NOTICE OF HEARING ON THE DEBTOR'S APPLICATION FOR AN ORDER (I) CLASSIFYING CLAIM NUMBERED 2 OF MCCARTHY FINGAR LLP AS A GENERAL UNSECURED CLAIM; (II) DECLARING CLAIM NUMBERED 2 AS A NON-DOMESTIC SUPPORT OBLIGATION; (III) DECLARING CLAIM NUMBERED 2 AS DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5); (IV) SETTING ASIDE JUDGMENT ENTERED POST-PETITION; AND (V) GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

      **PLEASE TAKE NOTICE** that a hearing on the application of the above-referenced debtor (the "Debtor") for an order (i) reclassifying claim numbered 2 of McCarthy Fingar, LLP (the "McCarthy Firm"), as a general unsecured claim; (ii) declaring Claim numbered 2 to be a non-Domestic Support Obligation; (iii) declaring Claim numbered 2 as dischargeable; (iv) setting aside the judgment entered in favor of the McCarthy Firm and (v) granting such other and further relief as is appropriate will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in his Courtroom in the Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601 July 29, 2015 at 10:00 AM.

      **PLEASE TAKE FURTHER NOTICE** objections, if any, to the relief sought in the application, must comply with applicable law and be served upon and received by the undersigned, with a copy to the Bankruptcy Judge and the Chapter 13 Trustee (Jeffrey L. Sapir, Esq.) 399 Knollwood Road, White Plains, New York 10603.

      **PLEASE TAKE FURTHER NOTICE** that a copy of the underlying application with exhibits is available from the undersigned and will be provided on request or from the Bankruptcy Court website, www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that, unless objections are interposed, the relief sought in the application may be granted.

Dated: White Plains, New York
June 15, 2015

                                        **PENACHIO MALARA, LLP**

                                        /s/ Anne Penachio
                                        Anne Penachio, Esq.
                                        235 Main Street, Suite 610
                                        White Plains, New York 10601
                                        (914) 946-2889

PENACHIO MALARA LLP
Anne Penachio, Esq.
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889

**HEARING DATE AND TIME:**
**JULY 29, 2015 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

In re

    PRASHANT GOEL,

                      Debtor.

CHAPTER 13

Case No.: 14-22191 (RDD)

----------------------------------------X

**THE DEBTOR'S APPLICATION FOR AN ORDER (I) CLASSIFYING CLAIM NUMBERED 2 OF MCCARTHY FINGAR LLP AS A GENERAL UNSECURED CLAIM; (II) DECLARING CLAIM NUMBERED 2 AS A NON-DOMESTIC SUPPORT OBLIGATION; (III) DECLARING CLAIM NUMBERED 2 AS DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5); (IV) SETTING ASIDE JUDGMENT ENTERED POST-PETITION; AND (V) GRANTING SUCH OTHER AND FURTHER RELIEF AS IS APPROPRIATE**

**TO: THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

      The application of **PRASHANT GOEL**, (the "Debtor"), through his counsel, **PENACHIO MALARA LLP**, for an order (i) classifying claim numbered 2 of McCarthy Fingar, LLP (the "McCarthy Firm") as a dischargeable, unsecured, non-domestic support obligation; (ii) setting aside the judgment entered post-petition against the Debtor and in favor of the McCarthy Firm; and (iii) granting such other and further relief as is appropriate respectfully represents as follows:

    **I.**    **DEBTOR'S BANKRUPTCY BACKGROUND**

      1.    On February 12, 2014, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the

1

Clerk of this Court and the case was referred to the Bankruptcy Judge herein.

2. Jeffrey L. Sapir was appointed Chapter 13 trustee and continues to serve in that capacity (the "Trustee").

3. The Debtor's financial reverses emanate primarily from a highly contested matrimonial proceeding between him and his former spouse Saumya Gupta ("Gupta"). The matrimonial proceeding, which bears index number 3389/11 was commenced by the Debtor in New York State Supreme Court, Westchester County (the "Divorce Proceeding").

4. According to the Debtor, the marriage was arranged in India. It was a short lived union which deteriorated not long after the couple settled in the United States. The Debtor was awarded custody of the couple's only child.

5. The Debtor is largely unskilled. He lacks higher education and is employed by a company that his parents control. He earns less than $2,000.00 per month.

6. The Debtor resides with his parents who continue to provide him with limited financial assistance.

7. At the time the Divorce Proceeding was commenced, Gupta, an immigrant who was unable to work in the United States, was considered a "poor person" in need of assigned counsel. The McCarthy Firm represented Gupta as "assigned counsel" pursuant to a Court Order entered December 2, 2011 (the "Assigned Counsel Order"). A copy of the Assigned Counsel Order is annexed hereto as Exhibit A. The Assigned Counsel Order expressly provides that Gupta "shall not be required to pay any fees to any officer for the costs relating to filing and service in this action." See Exhibit A.

8. The Divorce Proceeding was concluded and a judgment of divorce was entered. Upon information and belief, the Debtor was granted custody of the couple's only child.

9. Following the entry of the judgment, the McCarthy Firm sought payment of its legal fees from the Debtor under NY Domestic Relations Law § 237 which, in sum and

2

substance, permits counsel fees to be awarded to the less monied spouse. Litigation between the McCarthy Firm and the Debtor ensued which was stayed by the bankruptcy filing.

10. In the context of this case, the McCarthy Firm filed claim numbered 2, a copy of which is annexed hereto as Exhibit B. The claim is based upon the Debtor's alleged liability to pay its fee under various provisions of New York Domestic Obligations Law.

11. The McCarthy Firm moved this Court to vacate the automatic stay to permit the State Court to determine, inter alia, whether the Debtor would be responsible for its legal fee.

12. On or about May 13, 2014, this Court entered a Stipulation and Order, inter alia, vacating the stay to permit the State Court to determine the amount of the McCarthy Firm's claim. Pursuant to the Stipulation and Order, the Bankruptcy Court maintained exclusive jurisdiction to determine whether the McCarthy Firm's claim constituted a "domestic support obligation" ("DSO") under 11 U.S.C. § 101(14A). See Exhibit C.

13. Following a trial, on April 16, 2015, the State Court entered a corrected decision fixing the McCarthy Firm's Claim at $92,169.67. A copy of the decision is annexed hereto as Exhibit D.

14. A judgment against the Debtor reflecting that liability (the "Judgment") was submitted to the State Court Judge. A copy of the Judgment is annexed hereto as Exhibit E.1

15. The Debtor is considering taking an appeal from the decision.

**II.    THE APPLICATION**

16. By this application, the Debtor seeks an order from this Court (i) classifying claim numbered 2 of the McCarthy Firm as a dischargeable, unsecured, non-domestic support obligation under 11 U.S.C. § 101(14A); (ii) setting aside the judgment entered post-petition against the Debtor and in favor of the McCarthy Firm as null and void under 11 U.S.C. § 362(a);

---

1  It is submitted that the Judgment is void pursuant to 11 U.S.C. § 362(a). It should be noted that following the entry of the decision, the undersigned contacted Dawn Kirby, counsel for the McCarthy Firm and requested that her client refrain from submitting the Judgment as it would constitute a violation of the automatic stay under 11 U.S.C. § 362. Ms. Kirby was cooperative in this regard. As such, counsel was surprised to learn the Judgment had been entered.

3

and (iii) granting such other and further relief as is appropriate. It should be noted that at a status conference on or about May 15, 2015, the Court instructed the undersigned to seek the relief sought herein by motion (rather than by adversary proceeding).

### III.   JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

17.   This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105, 101(14A), and 523(a)(5) of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

### IV.   THE DEBTOR'S OBLIGATION TO THE McCARTHY FIRM IS NOT A DSO

18.   11 U.S.C. § 101(14A) sets forth the definition of a DSO and provides as follows:

The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

(ii) a governmental unit;

(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

4

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

19. As a threshold matter, the fact the payee is not Gupta, but her counsel, does not, in and of itself, render the obligation a non-DSO. The Second Circuit has held than the nature of the obligation is the crucial inquiry rather than the identity of the payee. *In re Spong*, 661 F.2d 6, 9–10 (2d Cir.1981).

20. Where, as here, an obligation is payable not to a debtor's former spouse but to a third party, Courts have utilized the following two part test to determine whether the obligation is a DSO: (1) Whether the former spouse is also obligated for payment; and (2) Whether the obligation is in the nature of alimony, maintenance or support. See *In re Rogowski*, 462 B.R. 435 (Bankr. E.D.N.Y. 2011); *In re Andrews*, 434 B.R. 531 (Bankr. W.D.Ark. 2010).

21. In the instant case, the answer to each of the foregoing factors is "No." First, Gupta is not liable for payment to the McCarthy Firm which accepted appointment as her counsel *pro bono*. The Assignment Order expressly precludes the McCarthy Firm from seeking payment from her.

22. Second, the obligation from the Debtor to the McCarthy Firm is not in the nature of alimony, maintenance or support. It is well established that what constitutes alimony, maintenance or support is determined under federal bankruptcy law, not state law, although bankruptcy courts may refer to well-established state laws in making that determination. *Forsdick v. Turgeon*, 812 F.2d 801, 802–03 (2nd Cir.1987); *Spong*, 661 F.2d at 9. Generally, Courts have focused on respective financial needs of the parties and ability to meet those needs. See *In re Phegley*, 443 B.R. 154 (8th Cir. B.A.P. 2011) (Court focused on the disparities of the parties in education, ability to work and financial viability.

23. In this case, the financial needs of the Debtor are more compelling than any

5

needs of Gupta, who is not responsible for the obligation to the McCarthy Firm and who has, upon information and belief, become employed and adjusted to life in the United States.

## V. THE McCARTHY FIRM'S CLAIM IS DISCHARGEABLE

24. DSOs are expressly non-discharegable under 11 U.S.C. § 523(a)(5).

25. In that the McCarthy Firm's claim is not a DSO, it should be discharged upon the issuance of a discharge under 11 U.S.C. § 727.

## VI. THE JUDGMENT SHOULD BE DECLARED NULL AND VOID

26. Section 362(a)(5) of the Bankruptcy Code provides that the bankruptcy files operates as a stay with respect to "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case." 11 U.S.C. § 362(a)(5).

27. The Stipulation and Order entered by this Court on or about May 13, 2014 modified the stay only to permit the State Court to fix the McCarthy Firm's claim. The stay remained in place with respect to treatment and enforcement of the claim.

28. As such, the settlement of the Judgment is a violation of the Section 362(a)(5) and should be set aside as void.

## VII. NOTICE AND WAIVER OF MEMO OF LAW

29. Notice of the Application has been served on Gupta, the McCarthy Firm, its counsel, and the Chapter 13 Trustee. It is respectfully submitted that such service is appropriate under the circumstances.

30. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that this Court grant the relief requested herein and all other relief that it deems necessary.

Dated: White Plains, New York
       June 15, 2015

                                            **PENACHIO MALARA, LLP**
                                            /s/ Anne Penachio
                                            Anne Penachio, Esq.
                                            235 Main Street, Suite 610
                                            White Plains, New York 10601
                                            (914) 946-2889